UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YURIY N. OVSEPYAN,

           Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

           Defendant.

Case No. 2:17-cv-00010-RJB

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Yuriy N. Ovsepyan seeks review of the denial of his application for supplemental security income ("SSI") benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating the medical evidence, plaintiff's testimony, and the lay witness testimony, and therefore in assessing his residual functional capacity ("RFC"). Dkt. 9 at 2. As discussed below, the Court **REVERSES** Defendant Commissioner Nancy A. Berryhill's ("the Commissioner") final decision and **REMANDS** the case for further administrative proceedings.

## BACKGROUND

On January 10, 2014, plaintiff filed an application for SSI benefits, alleging disability as of September 15, 2008. Dkt. 7, Administrative Record ("AR") 9. Plaintiff's application was denied initially and on reconsideration. *Id*. After the ALJ conducted a hearing on April 29, 2015, the ALJ issued a decision finding plaintiff not disabled. AR 9-21.

ORDER - 1

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since January 10, 2014, the application date.

**Step two:** Plaintiff has the following severe impairments: depression, post-traumatic stress disorder, and headaches.

**Step three:** Plaintiff's impairments do not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff has the ability to perform a full range of work at all exertional levels but with the following non-exertional limitations. Plaintiff can perform work in which concentrated exposure to loud noise, fumes, odors, dust, gases, and/or poor ventilation is not present. Further, plaintiff can understand, remember, and carry out unskilled, routine, and repetitive work and can cope with occasional work setting change and occasional interaction with supervisors. Plaintiff can work in proximity to coworkers but not in a team or cooperative effort. Plaintiff can perform work that does not require interaction with the public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

**Step four:** As plaintiff is capable of performing past relevant work as a janitor, plaintiff has not disabled since January 10, 2014, the date the application was filed.

*See* AR 9-21. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *See* AR 1-4.[3]

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

**I.     Medical Evidence**

Plaintiff asserts that the ALJ erred in evaluating the opinion of examining psychologist Christina Diamonti, Psy.D. *See* Dkt. 9 at 3-6. The Court agrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

On May 6, 2015, Dr. Diamonti examined plaintiff and opined that plaintiff's intrusive thoughts, nightmares, anxiety, isolation, loss of appetite, despair, and hopelessness were severe

enough in nature to interfere with plaintiff's ability to work. *See* AR 338. Dr. Diamonti's specific opinion regarding plaintiff's limitations in workplace functionality is obscured in the record. *See id*. Still, the ALJ, without developing the record, gave little weight to Dr. Diamonti's opinion because Dr. Diamonti did not realize that plaintiff was receiving treatment and because the evaluation was performed for the purpose of getting state benefits. *See* AR 18. Neither of these reasons is legitimate.

First, that Dr. Diamonti was allegedly unaware of plaintiff's therapy sessions and use of medication does not negate her opinion regarding plaintiff's impairments and their impact on plaintiff's ability to work at the time of the evaluation. The Commissioner argues that the ALJ demonstrated that plaintiff's mood improved with treatment, but prior to the evaluation. *See* Dkt. 10 at 6. Therefore, even if any alleged improvement had occurred, Dr. Diamonti still found plaintiff to have functional impairments, which cannot be dismissed simply because they may have been more severe prior to the start of treatment. Second, absent "evidence of actual improprieties," the purpose for which a medical report is obtained is not a legitimate basis for rejecting it. *See Lester*, 81 F.3d at 832 ("An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner."). Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Diamonti's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the

general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ fully credited the opinion of Dr. Diamonti, including any further specific limitations in the portion missing from the record, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, the error affected the ultimate disability determination and is not harmless.

**II.     Plaintiff's Testimony**

Plaintiff argues that the ALJ erred in evaluating his testimony. *See* Dkt. 9 at 9-14. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. That some of the

ORDER - 5

reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, plaintiff stated in a function report that he was not mentally stable enough to perform work functions. *See* AR 197. Plaintiff alleged that headaches and pain all over his body left him without the will to do anything. *See id*. Plaintiff stated that he could not hear or understand commands or perform simple tasks on his own such as eating, caring for himself, washing and combing his hair, shaving, brushing his teeth, or dressing. *See* AR 197-98. When asked to describe what he did during the day, plaintiff stated that he sat in his room and stared at the walls until someone came and brought him food. *See* AR 198. Plaintiff alleged that he could walk no more than 50 feet before needing to stop and rest for ten minutes. *See* AR 202. The ALJ discounted plaintiff's testimony because the alleged severity of the limitations to which plaintiff testified was inconsistent with the record, particularly plaintiff's daily activities. *See* AR 14-17.

According to the Ninth Circuit, an ALJ may discount a claimant's testimony when the claimant's daily activities "contradict his other testimony." *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). As noted by the ALJ, plaintiff's daily activities, as reported to medical providers, included going on walks with a friend, going to the park with his daughter and grandson, weightlifting, cooking, cleaning, grocery shopping, and laundry. *See* AR 16-17 (citing AR 251, 265, 294, 338). Accordingly, the ALJ found that plaintiff's impairments could be expected to cause some limitations but not to the extent to which plaintiff testified. *See* AR 15. Substantial evidence supports this clear and convincing reason, so the ALJ did not err here.

**III.    Lay Witness Testimony**

Plaintiff argues that the ALJ erred in evaluating the lay witness testimony in the record.

*See* Dkt. 9 at 6-7. "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053; *see also* 20 C.F.R. §§ 404.1513(d)(4), (e). Such testimony is competent evidence and "*cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in original). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each witness." *Id*. Further, the reasons "germane to each witness" must be specific. *Stout*, 454 F.3d at 1054.

Here, the ALJ summarized the testimony of plaintiff's daughter, Yuliya Ovsepyan, but did not explain the weight assigned to her testimony in assessing the RFC. *See* AR 14. The Commissioner argues that the Court should infer that the ALJ rejected Ms. Ovsepyan's testimony for the same reasons the ALJ rejected plaintiff's testimony. *See* Dkt. 10 at 9. However, as this case is being remanded for further administrative proceedings (*see infra* § IV.), the Court finds that Ms. Ovsepyan's testimony should be explicitly considered and assigned weight on remand.

**IV.    Remand for Further Administrative Proceedings**

Because the ALJ erred in evaluating Dr. Diamonti's opinion, the ALJ's RFC assessment does not necessarily completely and accurately describe all of plaintiff's capabilities. Because the ALJ erred in assessing plaintiff's RFC, the hypothetical questions posed to the vocational expert at the hearing were not necessarily complete. Therefore, the ALJ's step-four determination is not supported by substantial evidence and is in error.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding plaintiff's ability to perform past work or other jobs existing in significant numbers in the national economy despite any additional assessed limitations, including those to which Dr. Diamonti may have opined in the obscured portion of the record. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of August, 2017.

ROBERT J. BRYAN
United States District Judge

ORDER - 8